# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 219 | DATE | 12/9/2004 |
| CASE TITLE | Ronny Gamboa vs. The City of Chicago, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants have raised a controlling question of law on which there is substantial grounds for difference of opinion, the outcome of which may terminate this litigation. Furthermore, defendants have timely filed their request to bring this question before the Seventh Circuit. Defendants' motion to certify issues for interlocutory appeal pursuant to § 1292(b) is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | DEC 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 47 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 12/10/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CW | courtroom deputy's initials | 2004 DEC 10 PM 3:08 | CW6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONNY GAMBOA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 219 |
| | ) | Senior Judge Paul E. Plunkett |
| THE CITY OF CHICAGO, a MUNICIPAL | ) | |
| CORPORATION, CHICAGO POLICE | ) | |
| OFFICERS CARLOS VALEZ #20230 | ) | |
| PAUL LOPEZ #2001, ALFONSO BAUTISTA | ) | |
| #20594, and Individuals MIGUEL LASALLE | ) | |
| and LUIS ORTIZ, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 13 2004

## MEMORANDUM OPINION AND ORDER

Ronny Gamboa ("Plaintiff") has sued Chicago police officers Carlos Valez, Paul Lopez, and Alfonso Bautista ("Defendants") for their alleged violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Defendants' motion to dismiss the RICO claims was denied by this Court in a ruling issued on June 29, 2004. Defendants subsequently filed this 28 U.S.C. § 1292(b) motion to amend our ruling to certify an interlocutory appeal on the question of whether several acts of police misconduct involving several individuals, but in the course of the investigation of a single crime, can be defined as a "pattern of activity" under RICO. Because this issue concerns a controlling question of law, is contestable and its resolution may materially advance the termination of the litigation, we grant Defendants motion.

47

## Facts

Defendants are police officers and detectives employed by the City of Chicago. (*Id.* ¶ 4.) On or about July 17, 1997, Sindulfo Miranda was murdered. (*Id.* ¶ 7.) The Chicago Police Department ("CPD") began an investigation of Miranda's murder. (*Id.* ¶ 8.) Defendants were among the CPD detectives assigned to investigate the case. (*Id.*) The investigation continued until on or about November 7, 1997, when Plaintiff was arrested and charged with murder and solicitation of murder for hire. (*Id.*)

In support of his RICO claim, Plaintiff alleges that the racketeering enterprise is the CPD, in and through which Defendants used their official positions to illegally attempt to obstruct justice, intimidate witnesses to commit perjury, cover up false arrests and prosecute plaintiff for murder. (*Id.* ¶ 29.)

Between July 1997 and December 2002, Defendants are alleged to have engaged in the following acts as part of their continued criminal activity: (1) knowingly prepared three false confessions in November 1997 that implicated Plaintiff in Miranda's murder and had Duarte Santos, Omar Aguirre and Luis Ortiz each sign one; (2) tendered these three false confessions to the Cook County State's Attorney's Office ("CCSAO"), which were then used in part to prosecute Santos, Aguirre, Ortiz, Robert Gayol and Plaintiff on murder charges; (3) prepared and signed police reports between July and November 1997 that, with Defendants' knowledge, contained false oral and written statements of Santos, Aguirre and Ortiz; (4) coerced Ortiz several weeks prior to Plaintiff's August 2000 trial to change his oral and written statements so that Ortiz became a "witness" who heard Plaintiff solicit Miranda's murder and who saw Plaintiff participate in the beating and subsequent murder of Miranda; (5) coerced Ortiz to give false testimony against Plaintiff in an attempt to convict

him of murder; (6) coerced Ortiz in 2001 and 2002 to falsely testify that he saw Gayol burn Miranda alive in order to obtain a murder conviction for Gayol; (7) coerced the CCSAO to use Aguirre's false statement in two separate murder trials in 1998 and 1999 in order to convict Aguirre of Miranda's murder; (8) provided their police reports, which they knew contained false statements and false confessions, to federal agents and refused to advise the federal agents that the reports contained false information and false statements; and (9) refused to cooperate with federal prosecutors in subsequent prosecutions of the individuals who actually murdered Miranda in order to cover up their prior acts of perjury, intimidation and preparation of false reports and false statements. (*Id.* ¶ 33.)

As a result of this alleged criminal enterprise, Aguirre was convicted of murder in 1999 and sentenced to fifty-five years in prison. (*Id.* ¶ 34.) Santos pled guilty to a lesser offense in 2001 and received a prison sentence of twelve years and Ortiz pled guilty to murder in 2000 and receive a prison sentence of twenty-five years. (*Id.* ¶¶ 35, 36.) Defendants also caused Gayol to be convicted of murder in 2002 and sentenced to life in prison. (*Id.* ¶ 37.) Finally, Plaintiff was falsely arrested, charged with murder and solicitation of murder for hire, jailed and prosecuted. (*Id.* ¶ 38.)

## Legal Standard

A district court order not otherwise appealable may be reviewed by the Court of Appeals where "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." U.S.C. 28 § 1292(b). Request for a review of this kind must be brought within a reasonable amount of time following the entering of the order. *Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000).

## Discussion

Plaintiff first argues that Defendants waited too long before filing their 1292(b) motion. While there is no established timeline for appealing an order under 1292(b), the Seventh Circuit does require that a motion be filed with the district court within a reasonable time. *Richardson*, 202 F.3d at 958 (finding two month delay in filing, without excuse for delay, sufficient grounds to deny the appeal). As Plaintiff contends, the seventy-five days that lapsed between our denial of Defendants' Motion to Dismiss and the filing of the instant Motion is an unreasonably long interval. However, Defendants offer an excuse for the delay. Our Order denying their motion to dismiss was issued on June 29, 2004. Defendants appeared before this Court on July 22, 2004 and requested leave to file a motion for a more definite statement. Defendants wished to determine whether our decision not to dismiss Gamboa's complaint was based on a theory that Defendants may have acted corruptly in investigations other than the Miranda murder. Defendants questioned whether police corruption during the course of a single investigation could be a "pattern of activity" under RICO simply because it had occurred over a long period of time, involved a variety of predicate acts and targeted several victims. The Court granted leave to file the motion and orally clarified its earlier ruling by stating that the Court had not found any investigations other than the Miranda murder supported its finding of an actionable RICO case. On September 13, 2004, Defendants filed the present motion. As the 1292(b) motion necessarily requires this Court's clarification of its earlier ruling, their delay is excusable and is not grounds for denying their motion.

We now turn to the merits of the 1292(b) motion itself. There are also three statutory grounds for granting leaving to seek an interlocutory appeal: (1) where there a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate

appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three elements must be met. *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

The question Defendants would like to present to the court of appeals is "whether a single scheme that ends without indication that it will be repeated establishes a pattern of racketeering activity merely because the scheme occurs over several years, involves a variety of predicate acts, and targets more than one victim." (Defs.' Mot. Amend Order Include Certification Question Interlocutory Appeal at 5.)

### Controlling Question of Law

A controlling question of law for the purposes of 1292(b) is a "question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir.2002). The question should concern an abstract legal issue, "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

Here, Defendants are asking a question regarding the meaning of a statutory provision. They seek clarification of what constitutes a "pattern of activity" under RICO. Furthermore, while finding a "pattern of activity" under RICO requires a fact-intensive analysis, this Court has already studied the record and arrived at conclusions the Defendants are taking to be true for the purposes of this motion.

A civil RICO plaintiff must allege a "pattern of racketeering activity," which is, at a minimum, two predicate acts. 18 U.S.C. §§ 1961(5), 1962(c). The Supreme Court, however, also

requires that a plaintiff satisfy the so-called "continuity plus relationship" test, which requires a showing that the predicate acts are related to each other and pose a threat of continued criminal activity. *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992).

This Court found there was "close-ended" continuity by applying a multi-factor test first outlined in *Morgan v. Bank of Waukegan*, 804 F.2d 970, 974 (7th Cir. 1986). *Id.*; *Midwest Grinding Co., Inc.*, 976 F.2d at 1023. The *Morgan* factors include: the duration of time over which the predicate acts were committed, the number and variety of predicate acts, the number of victims, the presence of separate schemes and the occurrence of distinct injuries. *See Morgan*, 804 F.2d at 975. None of the factors is determinative. *See Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 524 (7th Cir. 1995). Applying these factors, we found that the predicate acts were committed over a three-year period; there were a variety of predicate acts, including influencing a grand jury, obstructing a criminal investigation and tampering with witnesses, and each act occurred more than once; there were a number of victims but only Gamboa is alleged to have suffered economic injuries; and that only one scheme was involved, a single murder investigation, though it was not clear when the scheme began how it would work, how long it would take and how many people would suffer as a result. After carefully weighing these factors, we found that the continuity prong of *H.J. Inc.* was satisfied. Thus, this Court has studied the record, and Defendants' question is based on our findings.

Yet, this Court has already acknowledged that we found a "pattern of activity" based on events that took place during the course of a single police investigation. Plaintiff's complaint does not permit the suggestion that Defendants' intended to or threatened to commit similar acts in future

-6-

investigations. Thus, Defendants are essentially asking whether the *Morgan* factors are enough, whether a long and varied scheme can ever be defined as a "pattern of activity" under RICO. Because the question concerns an interpretation of a statutory provision and does not require the Court of Appeals to delve into the facts, we find that Defendants have raised a question of law suitable for interlocutory review.

### Substantial Ground for Difference of Opinion

A question of law is contestable if there are "substantial conflicting decisions regarding the claimed controlling issue of law." *Baxter Int'l, Inc. v. Cobe Labs., Inc.*, No. 89 C 9460, 1992 WL 151894, at * 6 (N.D. Ill. June 15, 1992), or the question "is not settled by controlling authority" and there is a "substantial likelihood . . . that the district court ruling will be reversed on appeal." *Praxair, Inc. v. Hinshaw & Culbertson*, No. 97 C 3079, 1997 WL 662530, at *2 (N.D. Ill. Oct. 15, 1997).

The Seventh Circuit has not settled this issue, though it has found that a "single scheme which lasts only a short period does not have requisite continuity, even if there are multiple predicate acts and victims." *Miller v. Gain Fin., Inc.*, 995 F.2d 706, 709 (7th Cir. 1993). Moreover, there is a substantial possibility that our appellate court will disagree with our decision. Finding continuity based on a single scheme, though possible, is never a simple matter. *See e.g., 420 East Ohio Ltd P'ship v. Cocose*, 980 F.2d 1122, 1125 (7th Cir. 1992) ("The fact that no more than a single scheme is present does not automatically bar the requisite continuity, but the presence of a single scheme is still relevant to our inquiry.") Because Defendants pose a question that has not been settled and

could ultimately overturn a jury verdict a year or more in the future, an immediate resolution of this question seems sensible.

## Materially Advances the Termination of the Litigation

A 1292(b) appeal materially advances the completion of the litigation "only if its disposition is conclusive on the contested issue." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999). In this case, if the Seventh Circuit determines that a "pattern of activity" does not exist where there is no indication that the pattern will be repeated, Plaintiff's case will die a quick and painless death (at least as far as this Court's calendar is concerned). Even if the appellate court agrees with our decision, it may in its opinion provide guidance for the trial of the case, particularly in the area of jury instructions.

## Conclusion

Defendants have raised a controlling question of law on which there is substantial grounds for difference of opinion, the outcome of which may terminate this litigation. Furthermore, Defendants have timely filed their request to bring this question before the Seventh Circuit. Based on the foregoing, we grant Defendants motion to certify issues for interlocutory appeal pursuant to § 1292(b).

ENTER:

**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: DEC 9 2004